IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>Vs.<br><br>BRADY JOSEPH VANDEMARK,<br><br>Defendant. | Case No: 3:19CR03044-001<br><br><br>DEFENDANT'S SENTENCING<br>MEMORANDUM |

COMES NOW the Defendant, through undersigned counsel, and in support of his

recommendations for sentencing states the following:

## **INTRODUCTION**

On September 19, 2019, a five-count indictment was filed in the Northern District of

Iowa charging the Defendant, Brady Joseph Vandemark, with one count of Distribution of Child

Pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1); one count of Receipt of

Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and 2252(b)(1); three counts of

Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and

2252(A)(b)(2). On October 13, 2021, the Defendant pled guilty to Count Three of the five-count

Indictment, namely the count for possession of child pornography. On October 13, 2021, the

Honorable Kelly K. E. Mahoney, Chief United States Magistrate Judge, filed a Report and

Recommendation in which she recommended the defendant's guilty plea be accepted. The plea

was later accepted, on October 28, 2021, by Honorable Leonard T. Strand, Chief United States

Judge. Pursuant to the plea agreement, the government agreed to dismiss the four other counts:

for distribution of child pornography, receipt of child pornography, and two counts of possession

of child pornography.

A Draft Presentence Investigation Report (PSR) was completed by the U.S. Probation Office and filed on January 26, 2021. The Defendant filed a list of objections to the PSR; the Government did not have any objections to the PSR.

## FACTS

The Final PSR calculated a Base Offense Level of 18 pursuant to an accurate reading and interpretation of U.S.S.G. § 2G2.2(a)(1). PSR, para. 25

Mr. Vandemark is a beneficial and contributing member of society. He has maintained employment from various jobs from 2006-2014. See PSR, para. 61. In the fall of 2014, Mr. Vandemark was the caretaker for his elderly mother following a flood of her home and her suffering a stroke. PSR, para. 60. In return for his full-time care, the Mr. Vandemark's mother financially supported him. PSR, para. 60. Mr. Vandemark has only one other incident relating to prior criminal activity. PSR, paras. 39, 40. Mr. Vandemark has two previous convictions (possession of a controlled substance and possession of drug paraphernalia) both arising from the same incident. PSR, para. 39, 40. Mr. Vandemark has no other prior criminal history aside from traffic violations and thus his criminal history score is two. PSR, paras. 39, 40. However, Mr. Vandemark objects to this criminal history score for reasons of this score overstating his criminal history and will be addressed in the subsequent sections of this memorandum. Mr. Vandemark has not reported any substance abuse issues nor any treatment programs. PSR, para. 55.

In consideration of Mr. Vandemark's lack of criminal history, coupled with the § 3553(a) factors, Mr. Vandemark suggests that a sentence of imprisonment of 60 months would be "sufficient, but not greater than necessary" to meet the objectives of § 3553(a). Mr. Vandemark poses no danger to the public, and he has been sufficiently deterred from any future criminal

2

conduct. Saddling Mr. Vandemark with a lengthy term of imprisonment would serve no purpose but to punish Mr. Vandemark needlessly.

## LAW AND ARGUMENT

The sentencing proceeding is a 3-step process that begins with a calculation of the Sentencing Guidelines range. *United States v. Braggs*, 511 F.3d 808, 812 (8th Cir. 2008). The court then makes "an individualized assessment based on the facts presented" while also considering all of the factors listed in 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 59-60; 128 S. Ct. 586, 597; 169 L. Ed. 2d 445, 457 (2007). The final step allows the district court substantial latitude to vary from the Sentencing Guidelines by comparing them with the §3553(a) factors and presenting support for variance and the extent thereof. *See United States v. Ruelas-Mendez*, 556 F.3d 655, 657 (8th Cir. 2009); *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009); *Braggs*, 511 F.3d at 812.

1. Sentencing Guidelines Calculation

The sentencing guidelines analysis begins with a criminal history categorization and an application of relevant enhancements and deductions. In determining the appropriate sentencing guideline for Mr. Vandemark's violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252(A)(b)(2) the U.S.S.G. § 2G2.2(a)(1) governs. Mr. Vandemark's specific charge carries a base level of 18. U.S.S.G. § 2G2.1(a). Subsection (b) of the same section identifies specific characteristics of the offense that may warrant sentencing enhancements. Mr. Vandemark received enhancements for minor under the age of 12, distribution, sadistic or masochistic conduct, use of a computer, use of over 600 images and obstruction of justice. See PSR, paras. 26-33. Due to the enhancements listed, the adjusted offense level was determined to be 35. PSR, para. 34. Therefore, the associated sentencing guideline range would be 188 to 235 months imprisonment. PSR, para. 67.

3

The PSR accurately summarizes and applies each of the relevant offender characteristics. See PSR at paras. 46-65. However, Mr. Vandemark has objections to paragraph 36, for not noting his acceptance of responsibility and paragraphs 39-40 for overstating his criminal history score. Additionally, although the plea agreement initially had the Mr. Vandemark agreeing to a 2-point increase for use of a computer, the government is allowing Mr. Vandermark to argue that two-point enhancement should not apply.  Mr. Vandemark argues that his adjusted offense level should be 30 and that his criminal history category should be 1.  He believes his guideline range should be 97-121 months.

> A. Acceptance of Responsibility

Mr. Vandemark objects to paragraph 36 which displays Mr. Vandemark as not having accepted responsibility for his charges. Mr. Vandemark has properly accepted responsibility and has shown this through pleading guilty to the current charge. There are situations where this reduction can be refused, such as situations where a Defendant refuses to admit relevant facts or the Defendant fails to give reasonable notice to the Government of an intention to plead guilty. *See United States v. Coffie,* 734 F. App'x 693 (11th Cir. 2018) (holding acceptance of responsibility reduction was properly denied when defendant pled guilty three days before his second a trial after his first trial ended in a mistrial); *United States v. Evans*, No. 16-2693, 2017 U.S. App. LEXIS 21421  (6th Cir. Oct. 26, 2017) (denying reduction for acceptance of responsibility because defendant falsely denied abusing his stepson and minimized his actions that provided the factual basis for his plea). However, Mr. Vandemark has neither refused to admit to specific relevant facts nor waited until an unreasonable time to notify the Government of his intention to plead guilty.

The probation office notes this acceptance of responsibility but does not allow a reduction due to Mr. Vandemark's removal of his location monitoring device in November of 2019 until he was located in July of 2021. However, circuit courts have held there are circumstances that reflect both an enhancement for obstruction of justice and a reduction for acceptance of responsibility. "The relevant inquiry for determining if a case is an extraordinary case within the meaning of Application Note 4 is whether the defendant's obstructive conduct is not inconsistent with the defendant's acceptance of responsibility." *United States v. Rambur*, Nos. 95-1315 and 95-1341, 1996 U.S. App. LEXIS 22339, at *14 (6th Cir. July 30, 1996). What is and is not inconsistent then becomes the question in Mr. Vandemark's case. The Court in *Rambur* determined, "when a defendant, although initially attempting to conceal the crime, eventually accepts responsibility for the crime and abandons all attempts to obstruct justice" these two items are not inconsistent with each other. *Id.* The Court went further to hold that as long as a Defendant's acceptance of responsibility is not contradicted by an additional or ongoing attempt to flee or obstruct justice, the case can be considered "extraordinary". *See id.* Thus, "Application Note 4 and simultaneous adjustments under §§ 3C1.1 and 3E1.1 are permissible." *See id.* In Mr. Vandemark's case, although he did flee at the time of his pretrial release, upon his acceptance of this plea he has not since obstructed justice or attempted to flee, thus these two items do not contradict and are able to be applied simultaneously.

### B. Overstated Criminal History

Mr. Vandemark also objects to paragraphs 39-40 for overstating his criminal history. He has only one prior incident where two charges were cited, possession of marijuana and possession of drug paraphernalia. These two charges were sentenced on separate dates and therefore, Mr. Vandemark is now subjected to a criminal history score of II rather than I. According to USSG

§4A1.3(b) when a defendant's criminal history is substantially overrepresented, a downward departure is warranted. Here, because the two charges were sentenced only 3 days apart, Mr. Vandemark's sentence was adjusted from a 168-210 months to 188-235 months. However, the possession of marijuana and possession of paraphernalia were committed at the same time. The defendant entered pleas of guilty to the charges at the same time and was sentenced on both cases simultaneously. Someone in the clerk of court's office happened to process these two judgments three days apart.

The test for use of this departure under §4A1.3(b) has been articulated by the United States Court of Appeals for the Tenth Circuit in *United States v. Caldwell*. First, if the criminal history score "significantly overstates" the seriousness of his criminal history or likelihood of recidivism a reduction is justified. 219 F.3d 1186, 1195 (10th Cir. 2000); *See also United States v. Collins*, 122 F.3d 1297, 1304 (10th Cir. 1997). Additionally, the district courts are to consider "all of the factual circumstances that bear upon a defendant's criminal history and likelihood for recidivism." *Collins*, 122 F.3d 1297, 1304. Here, Mr. Vandemark's criminal history score is relative to other individuals who have two to three prior convictions, some of which may be serious violent crimes. In contrast, Mr. Vandemark's convictions were related to a first offense, possession of marijuana and drug paraphernalia occurring out of the same incident. There is no other criminal history, prior to the charges at issue today, of Mr. Vandemark aside from this isolated incident where the processing of the judgments took place only three days apart. Additionally, Mr. Vandemark's convictions were not violent in nature and were not the result of causing harm or injury to other individuals. Following these convictions, the punishment for the type of crime he was charged with was fully met, there is no need to punish him further for a crime of possession of marijuana by increasing his current sentence by over 1 year. All of the

6

relevant factual circumstances must be considered and here, because the sentences took place

three days from each other, Mr. Vandemark's sentence could be over a year longer than if his

criminal history score remained at Category I. For these reasons, his criminal history has been

overstated and a reduction is warranted.

      C.  <u>Enhancement of Use of a Computer.</u>

Mr. Vandermark has received a two-point increase for the use of a computer or

interactive computer service for the possession of child pornography.  In today's world,

defendants receive and view child pornography by using a computer.  Congress understood and

realized this was the case when determining what the base offense level would be for this type of

crime.  Therefore, an additional two-point increase is not warranted in this case.

  2.  <u>Variance from the Calculated Sentencing Range</u>

Following the calculation of the sentencing guideline range, an analysis of the facts of the

case must be conducted to determine "any appropriate departures from the guidelines." *United

States v. Shannon*, 414 F.3d 921, 923 (8th Cir. 2005). The Court then makes "an individualized

assessment based on the facts presented" while also considering all of the factors listed in 18

U.S.C. § 3553(a). *Gall*, 552 U.S. at 59-60; 128 S. Ct. at 597; 169 L. Ed. 2d at 457 (2007). A

departure is simply an assertion that the Total Offense Level is incorrect or inappropriate and

should be altered to accurately fit the facts of the case. See *United States v. Chase*, 451 F.3d 474,

482 (8th Cir. 2006). A variance, on the other hand, is an analysis of the following 3553(a) factors

from which the Court may vary the sentence regardless of the total offense level or the criminal

history category based on the factors of 3553(a). See *United States v. Vandebrake*, 771 F. Supp.

2d 961, 999 (N.D. Iowa 2001). Mr. Vandemark claims that following an appropriate guidelines

calculation, a variance herein is warranted. The purpose of this individualized assessment is to

determine whether a variance is appropriate in the matter at hand. The primary directive in section 3553(a) is for sentencing court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Section 3553(a)(2) states that such purposes are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or the correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2) (2020).

In determining the minimally sufficient sentence, section 3553(a) further directs the sentencing courts to consider the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established;
>
> (5) any pertinent policy statement;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a) (2020). The Court is granted a great deal of discretion in making a variance determination. *See Ruelas-Mendez*, 556 F.3d at 657 (8th Cir. 2009); *Feemster*, 572 F.3d at 464

(8th Cir. 2009); *Braggs*, 511 F.3d at 812. Each consideration pertinent to this case will be addressed in turn.

      A.  Nature and Circumstance of the Offense and History/Characteristics of the Defendant

Mr. Vandemark is a 37-year-old man who has benefitted society. He is has been an active member of the workforce and was employed for years without incident, before leaving the workforce to care for his mother.

Additionally, Mr. Vandemark enjoys the continued familial support of those around him. His immediate family is aware of his current position and remains supportive of him. Mr. Vandemark has worked hard and persevered throughout his life to attain meaningful goals in his professional life. He has proven that he can be a positive and contributing member to the community. While the nature of this offense is undoubtedly serious, as is inherently suggested by the codification of the criminal act at issue, it can be balanced with the history and characteristics of the defendant. See *United States v. Jacob*, 631 F. Supp. 2d 1099, 1116-18 (N.D. Iowa 2009). He has continued to work hard in the shadow of this incident caring for his mother and attending to her needs.

In *Jacob*, the Court found that an evaluation of the nature of the offense was significantly influenced by enhancement in the sentencing guidelines including distribution, pattern of conduct and sadistic/masochistic conduct. 631 F. Supp. 2d at 1116-1118. The Court further considered the Defendant's lack of criminal history "to be substantially mitigating" *Id.* at 1117. The nature and circumstances of this offense are, without a doubt, serious. Mr. Vandemark recognizes, acknowledges, and appreciates that fact.

The nature and circumstances in this case can be balanced with his of criminal history and his characteristics as was considered in *Jacob*. *See id.* Furthermore, in Jacob the court found

"lack of significant criminal history and his shame…also mitigate the term of imprisonment necessary to deter him from future conduct." *Id*. at 1118-19. From Mr. Vandemark's actions in accepting his plea agreement and accepting responsibility he also displays these characteristics and thus it should be reflected in his sentencing. In addition, Mr. Vandemark enjoys the privileged support of his family members.

B. Need for the Sentence Imposed

The purpose of sentencing in criminal offenses is four-fold including retribution, deterrence, incapacitation, and rehabilitation to establish a "legitimate penological justification" for the sentence imposed. *Graham v. Florida*, 560 U.S. 48, 71 (2010). Mr. Vandemark recognizes each of these is larger than just his case but is also specifically tailored to address him as an individual.

One purpose of sentencing, deterrence, includes general community deterrence and specific individual deterrence. Specifically, the theory of deterrence suggests that the sentence imposed on one person will deter others as well as that particular individual from engaging in similar conduct in the future. Mr. Vandemark has directly affected the lives of his family, friends, and community with his choices. It can be reasonably anticipated that each of those individuals that have been affected has seen the impact that the types of choices Mr. Vandemark made can have on a person, his family, and his community. Mr. Vandemark's mere involvement with this process has provided him with an adequate level of deterrence from future wrongdoing of this or any other type. Additionally, the required prison term and required term of supervised release will adequately prevent Mr. Vandemark from future involvement with activity of this nature. General deterrence was accomplished upon Mr. Vandemark appearing in court and entering a plea of guilty to this charge.

Beyond specific deterrence of the Defendant, the Court will rightfully be concerned with general deterrence of the community, rehabilitation of the Defendant and punishment for the wrongs committed. Mr. Vandemark's incarceration will adequately convey to potential perpetrators that this type of conduct, even if occurring for the very first time, will not be tolerated.

Mr. Vandemark will undoubtedly be punished. He will need to be in custody for the several years, the suggested length of confinement by Mr. Vandemark is 60 months. However, the level of punishment is at the Court's discretion and cannot exceed 20 years by statute.

Incapacitation, or protection of the public, is of obvious concern. This Court has every incentive to pass down a sentence that would protect the public from another instance such as this. However, a lengthy period of imprisonment would be counter effective by depriving society of the contributions of Mr. Vandemark and is not necessary to afford adequate deterrence from future criminal conduct.

A sentence within the guidelines range is not necessary in this case. Mr. Vandemark contends a downward variance from the Sentencing Guidelines' recommended sentencing range and a focus on the imposition of a period of supervised release with specific conditions accomplishes the goals of the penal system and support the identified theories of punishment therein.

C.  Need to Avoid Unwarranted Sentence Disparities

Finally, §3553(a) directs us to avoid unwarranted sentencing disparities. A review of the United States Sentencing Commission website reveals that of those defendants receiving a variance following conviction for being possession of child pornography in 2020, 58.5% of those defendants received a downward variance. Quick Facts: Child Pornography Offenders;

https://www.ussc.gov/sites/default/files/pdf/research-and-publications/quick-facts/Child_Pornography_FY20.pdf. The average downward variance was 38.5 percent. *Id.* If applied to the above-detailed calculated range of 97 to 121 months, the range resulting from an average downward variance would be about 60 to 75 months. Mr. Vandemark contends this factor supports a downward variance from the Sentencing Guidelines' recommended sentencing range.

    3.   Downward Variance Determination

In determining whether to vary from the Sentencing Guidelines, the court must consider the above-mentioned factors and "impose a sentence sufficient, but not greater than necessary." 18 U.S.C. § 3553(a). While there must exist a reason to depart from the Sentencing Guidelines, the "high volume of downward variance is strong testimony to the fact that the Guidelines cannot be routinely applied in a fair way when it comes to this particular crime." *United States v. Buesing*, 615 F.3d 971, 974 (8th Cir. 2010). (referring to possession of child pornography). Mr. Vandemark contends that upon a calculation of the sentencing range based on his perspective as detailed above, his individualized circumstances warrant a sentence at or near 60 months of imprisonment.

## CONCLUSION

The Defendant respectfully requests that this Court grant him a downward variance. Mr. Vandemark suggests that a sentence of imprisonment of 60 months would be "sufficient, but not greater than necessary" to meet the objectives of § 3553(a). Mr. Vandemark poses no danger to the public, and he has been sufficiently deterred from any future criminal conduct.

RESPECTFULLY SUBMITTED:

_____/s/ Aaron D. Hamrock_____
Aaron D. Hamrock (AT0003107)
McCARTHY & HAMROCK, P.C.
1200 Valley West Drive, Ste. 400
West Des Moines, IA 50266
Tel. No. 515/279-9700
Facsimile No. 515/279-8355
Email: aaron@mccarthyandhamrock.com
ATTORNEY FOR DEFENDANT.

Original Filed Electronically.

Electronically Copied to:

Ronald C. Timmons
Assistant United States Attorney
600 Fourth Street, Suite 670
Sioux City, IA 51101
ron.timmons@usdoj.gov

| **CERTIFICATE OF SERVICE** | | |
| --- | --- | --- |
| I hereby certify that on February 23rd, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system. | | |
| By: ☐ U.S. Mail<br>☐ Hand Delivered<br>☐ Federal Express | ☐ FAX<br>☐ Overnight Courier<br>☒ Other: Electronically | |
| Signature: _____/s/ Amanda M. Neff_____ | | |